**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

KENNETH WASHINGTON,

                           Plaintiff,

     - v -                                    Civ. No. 1:17-CV-683
                                                        (BKS/DJS)

PAUL CZAJKA, *District Attorney*; DAVID COSTANZO, *Assistant District Attorney*; JAMES CARLUCCI, *Assistant District Attorney*,

                           Defendants.

**APPEARANCES:**                          **OF COUNSEL:**

KENNETH WASHINGTON
Plaintiff, *Pro Se*
Hostfield Inn
1565 Columbia Turnpike
Castleton, New York 12033

**DANIEL J. STEWART**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

The Clerk has sent for review a civil rights Complaint filed by *pro se* Plaintiff Kenneth Washington. Dkt. No. 1, Compl. Plaintiff has not paid the filing fee, but instead submitted a Motion to Proceed *In Forma Pauperis* ("IFP"). Dkt. No. 7, IFP App.[1] By separate Order, dated August 9, 2017, this Court granted Plaintiff's Application to Proceed IFP. Now, in accordance with 28 U.S.C.

---

[1] At the time Plaintiff initiated this action, he was incarcerated at the Washington Correctional Facility. *See* Dkt. No. 1, Compl. Because the *In Forma Pauperis* ("IFP") Application submitted by Plaintiff at that time was incomplete, Dkt. No. 2, this matter was administratively closed on June 23, 2017, at the direction of the Honorable Brenda K. Sannes, United States District Judge, Dkt. No. 4. Upon receipt of completed IFP Applications, Dkt. Nos. 5 and 7, the matter was reopened and forwarded to the undersigned for review, Dkt. No. 8. By separate Order, I denied Plaintiff's first IFP Application (Dkt. No. 5) as incomplete, but granted the second (Dkt. No. 7). Therein, I also noted that both IFP Applications contained captions inconsistent with the caption contained in the Complaint. Because an IFP Application is not the appropriate method by which to add Defendants, I will only consider those claims asserted against the named Defendants in the Complaint, which is the operative pleading in this matter.

§ 1915(e), the Court will *sua sponte* review the sufficiency of the Complaint.

## I. DISCUSSION

### A. Standard of Review

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

Moreover, under 28 U.S.C. § 1915A, a court must, as soon as practicable, *sua sponte*, review "a complaint in a civil action in which a prisoner[2] seeks redress from a governmental entity or officer or employees of a governmental agency" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(a) & (b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (*per curiam*).

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v.*

---

[2] As noted above, at the time Plaintiff brought this action, he was incarcerated at the Washington Correctional Facility. *Supra* note 1. Upon information and belief, Plaintiff has since been released on parole conditions. *See* New York State Department of Corrections and Community Supervision Inmate Lookup website, *available at* http://nysdoccslookup.doccs.ny.gov/kinqw00 (information obtained for DIN 14-A-1058).

*Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). Furthermore, Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant- unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. (internal quotation marks and alterations omitted). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

### B. Review of the Complaint

In drafting his Complaint, Plaintiff has utilized a *pro forma* pleading typically utilized by inmates seeking to file a civil action, pursuant to 42 U.S.C. § 1983, in order to vindicate violations

of their constitutional rights. Despite the use of this pre-printed form, deciphering the allegations of fact in the Complaint has proven a bit challenging. Instead of clearly setting forth facts that indicate how each of the named Defendants violated Plaintiff's rights, Plaintiff engages in a meandering summary of his criminal prosecution.

As best as I can tell, this prosecution apparently began in July 2011 with Plaintiff being arrested and charged, presumably in some New York State court, with assault in the third degree and burglary in the second degree. Dkt. No. 1-1 at p. 2.[3] It appears that such prosecution terminated in March 2014 with Plaintiff being sentenced to seven years after having pled guilty to an indictment. While it is not clear what crime Plaintiff pled guilty to, upon information and belief and according to publicly available records, his admission to the custody of the New York State Department of Corrections and Community Supervision commenced on March 14, 2014, for conviction of burglary in the second degree with an aggregate maximum sentence of seven years. *See* New York State Department of Corrections and Community Supervision Inmate Lookup website, *available at* http://nysdoccslookup.doccs.ny.gov/kinqw00 (information obtained for DIN 14-A-1058).[4]

From what I can discern, Plaintiff is bringing this action, apparently pursuant to 42 U.S.C. § 1983, as a means to challenge this conviction, which he seems to maintain was illegally obtained as he had been deemed mentally incapable of sitting trial, and perhaps was coerced into pleading guilty to an indictment out of fear that he would receive a life sentence. Dkt. No. 1-1 at p. 2. The

---

[3] Plaintiff's disjointed pleading was filed as a main document along with Attachments/Exhibits. The Court considers the entire submission as Plaintiff's Complaint, and citations to the Plaintiff's Complaint and Attachments/Exhibits are to those page numbers automatically assigned by the Court's Case Management Electronic Case Files ("CM/ECF") System.

[4] In assessing the validity of a Complaint, the Court is permitted to take judicial notice of facts that are not subject to reasonable dispute, such as information available in public documents. *Marcus v. AT & T Corp.*, 938 F. Supp. 1158, 1164-65 (S.D.N.Y. 1996) (court may take judicial notice of public documents even if not included in or attached to complaint); *see also* FED. R. EVID. 201.

civil rights statute at issue, 42 U.S.C. § 1983, "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortgage Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) & 42 U.S.C. § 1983)); *see also Myers v. Wollowitz*, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights"). This statute is not, however, a procedural mechanism by which one can challenge the validity of a conviction that has not been overturned on appeal. Indeed, any determination in this civil action as to the legality of the State criminal proceedings in Plaintiff's favor would necessarily undermine the validity of his State conviction. In this regard, these claims are barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). In that case, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humprhey*, 512 U.S. 477, 486-87 (1994).

It does not appear that Plaintiff's conviction has been rendered invalid. Instead, it appears, upon information and belief, that, as of the date his Complaint was filed, at least one of his State court challenges to that conviction and sentence was rejected. *See People v. Washington*, 28 N.Y.S.3d 917 (N.Y. App. Div., 3d Dep't 2016). Thus, Plaintiff's Section 1983 civil action is not cognizable absent proof that his sentence was reversed, expunged, declared invalid, or called into question. *Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999); *Fernandez v. Holzbach*, 2007 WL 1467182, at

*1 (D. Conn. May 15, 2007) (dismissing claims against judge, prosecutor, detectives, witnesses, and other state officials for perjury and fabrication of evidence as precluded by plaintiff's valid conviction). Accordingly, Plaintiff's entire § 1983 action should be dismissed as the improper vehicle to accomplish the relief being sought.

## II. CONCLUSION

Based on the above discussion, it is hereby

**RECOMMENDED**, that the Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the Plaintiff at his last known address by certified mail, return receipt requested.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.[5] Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: August 9, 2017
Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[5] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).